Clayton RIDINGS, III, Claimant,

v.

UNEMPLOYMENT INSURANCE APPEAL BOARD and Department of Natural Resources and Environmental Control.

Superior Court of Delaware, New Castle.

Submitted July 17, 1979.

Decided Sept. 10, 1979.

Jonathan B. Taylor, Wilmington, for claimant.

June D. Macartor, Deputy Atty. Gen., Dept. of Justice, Wilmington, for Department of Natural Resources and Environmental Control.

O'HARA, Judge.

Claimant appeals the decision of the Unemployment Insurance Appeal Board ("Board"), which concluded that he left his job voluntarily without good cause and was thus disqualified from receipt of benefits. Claimant had been employed as an environmental protection officer ("E.P.O.") with the State Department of Natural Resources and Environmental Control, through funding provided under the federal Comprehensive Employment Training Act ("CETA").

He alleged that he left involuntarily and with good cause in that his job involved dangerous situations for which he was not adequately trained. Error is alleged in the lack of substantial evidence supporting the Board's findings on the "danger" issue, the exclusion of relevant evidence, and the denial of claimant's due process right to testify.

As to the first question, the role of the reviewing Court is simply to ascertain whether the Board's conclusions are supported by substantial evidence and free from legal error. *Air Mod Corp. v. Newton*, Del.Super., 215 A.2d 434 (1965). If this standard is satisfied, the Board's resolution of evidentiary and credibility conflicts is conclusive. *Abex Corp. v. Todd*, Del.Super., 235 A.2d 271 (1967). The burden of proof to show "good cause" for voluntarily terminating employment is on the claimant. *Longobardi v. Unemployment Ins. App. Bd.*, Del.Super., 287 A.2d 690 (1971). Likewise, where, as here, the claimant contends that his resignation was compelled, or a product of adverse circumstances, he must bear the burden of proving so.

Where a party with the burden of proof fails to convince the Board below, the resulting finding of fact can be overturned by this Court only for errors of law, inconsistencies, or a capricious disregard for competent evidence. In this case, the claimant, who had prevailed before the Referee, presented evidence of danger which the employer refuted, in the Board's judgment.

"The claimant has failed to convince us in this case. We are not satisfied that claimant was employed under dangerous conditions."

This finding is supported by substantial competent evidence in the record and will not be disturbed by reversal.

Claimant's second ground for appeal concerns the exclusion of evidence by the Board. Claimant's supervisor had testified that claimant, because he was federally funded, was not required to meet State job specifications for his position, although he would be doing basically the same job.

When counsel for claimant asked about the State job qualifications, the Chairman interrupted:

"I don't think that this has anything to do with it. He was a CETA employee and he was temporary at that."

It was error to exclude such testimony from the record where claimant's job responsibilities and training were in issue. Exclusion of relevant, material, and competent evidence is grounds for reversal if the refusal is prejudicial. *McCormick on Evidence*, § 350 at p. 841. Although actual prejudice was not clearly shown, in light of the resolution of this appeal, claimant should be given an opportunity to introduce such evidence upon rehearing. Administrative boards ought not to be constrained by the rigid evidentiary rules which govern jury trials. On the contrary, all evidence which could conceivably throw light on the controversy should be heard.

Finally, claimant alleges that he was denied his due process right to a full hearing by the Board's reluctance to allow him to testify fully on his own behalf. It appears (based on a reconstruction from the record) that the Board encouraged claimant's attorney to rely on the transcript of claimant's testimony before the Referee in lieu of live testimony. Faced with an indirect refusal and the *de facto* adjournment of the hearing, counsel relented reluctantly. It is now alleged that claimant was a victim of circumstances (time pressure, Board's reluctance, fear of antagonizing the Board by insistence) which prevented free exercise of his rights.

Denial of procedural due process occurs where the exercise of power by an administrative officer or body is arbitrary or capricious. *Mitchell v. Delaware Alcoholic Beverage Com'n.*, Del.Super., 193 A.2d 294, 312 (1963), quoting from 73 C.J.S. *Public Administrative Bodies and Procedure*, § 60 at p. 385. In this case the Board effectively denied claimant the fundamental right to speak on his own behalf. The attitude conveyed by the transcript was that counsel would be wise to forego time-consuming testimony by the claimant and cooperate by relying on the earlier testimony. Without ignoring the time constraints facing the Board and the tedium of repetition, it must, nevertheless, be said that the handling of this particular episode was not proper.

"No particular form of proceeding is required to constitute due process in administrative proceedings; all that is required is that the liberty and property of the citizen shall be protected by the rudimentary requirements of fair play." *Mitchell v. Delaware Alcoholic Beverage Com'n.*, supra, at 311–312.

In light of the above, the case must be remanded in order to permit the claimant a full opportunity to testify before the Board. At such time claimant should also be given a chance to inquire into the qualifications for, and responsibilities of, the E.P.O. position. Of course, the weight, if any, to be accorded such evidence remains the exclusive prerogative of the Board.

IT IS SO ORDERED.