Dwayne E. BARNETT, Appellant,

v.

DIVISION OF MOTOR VEHICLES, Plaintiff Below, Appellee.

Superior Court of Delaware, New Castle County.

Submitted: June 6, 1986.
Decided: July 23, 1986.

Andrew D. Rahaim, of The Legal Clinics of Doroshow & Pasquale, Wilmington, for appellant.

Lawrence Cronin, Deputy Atty. Gen., Dept. of Justice, Wilmington, for Div. of Motor Vehicles.

TAYLOR, Judge.

The Department of Public Safety [Department] revoked the driver's license of Dwayne Barnett [defendant] pursuant to the provisions of 21 *Del.C.* § 2742(c). Defendant has appealed the decision revoking his license.

## I

Since a record was made of the hearing held by the designee of the Secretary of the Department, this appeal is heard on that record, as provided in *Superior Court Civil Rule* 72(g):

21 *Del.C.* § 2744, which permits this appeal, does not define the scope of review by this Court. Moreover, this appeal is not within the coverage of the *Administrative Procedures Act*, 29 *Del.C.* Ch. 101, and therefore this review is not governed by 29 *Del.C.* § 10142(d).

The scope of review which has been applied to appeals which are not circumscribed by statute is "to correct [ ] errors of law and to determin[e] whether or not substantial evidence exists on the record to support the Board's findings of fact and conclusions of law." *Janaman v. New Castle County Board of Adjustment*, Del. Super., 364 A.2d 1241, 1242 (1976); *In re Brandywine Volkswagen, Ltd.*, Del.Super., 306 A.2d 24 (1973). 21 *Del.C.* § 2742 conditions the revocation of the license upon a showing at the hearing that (1) the police officer had probable cause to believe defendant was in violation of 21 *Del.C.* § 4177 and (2) that by a preponderance of the evidence it appears that defendant was in violation of 21 *Del.C.* § 4177.

## II

Turning to the facts of this case, the Department, through its hearing officer, found that there was probable cause to arrest defendant for driving under the influence of alcohol.

■ Probable cause to arrest exists when "police officers possess information which would warrant a reasonable man in believing that a crime had been committed." *Garner v. State*, Del.Supr., 314 A.2d 908, 910 (1973). Probable cause can be established from either the police officer's direct observation or from hearsay. The evidence in support of the finding of probable cause is the testimony of Trooper Dailey of the Delaware State Police. Trooper Dailey related the following: On November 23, 1985, she was summoned to the scene of a motor vehicle accident. Upon her arrival, she observed a disabled truck with severe front end damage. She spoke with a Mr. White, who advised her that the truck had struck the rear of his van, and after impact the two occupants of the truck jumped out and fled.

Trooper Dailey then checked the truck and discerned that it was registered to defendant. Inside was a cooler full of beer and six empty beer cans. At that point a County Police officer who had left the scene to search for the occupants of the truck, returned with defendant and a Mr. Watts.

Mr. Watts told the trooper that defendant was the driver of the truck and that they had been out joyriding and drinking beer when the accident occurred.

The driver of the van identified defendant as the driver of the truck.

Trooper Dailey detected a very strong odor of alcoholic beverage about defendant's breath and person. Defendant also

had a problem standing and had to lean against the police car to maintain his balance. At that point Trooper Dailey arrested defendant.

■ I find that Trooper Dailey's direct observations of the truck, its contents and the odor of alcohol emanating from defendant and the information which she acquired from investigating the accident constituted probable cause for the officer to believe that defendant was driving in violation of 21 *Del.C.* § 4177.

### III

The second issue is whether by a preponderance of the evidence it appears that defendant was in violation of 21 *Del.C.* § 4177. 21 *Del.C.* § 2742.

The hearing officer also found by a preponderance of the evidence that defendant was driving under the influence of alcohol.

■ The observations of Trooper Dailey, although sufficient to establish probable cause for the trooper to believe that defendant was driving under the influence of alcohol, do not establish beyond a preponderance of the evidence that defendant was driving under the influence of alcohol.

■ The hearing officer's finding relied upon the evidence recited above which was used to establish probable cause to arrest and the following additional testimony of Trooper Dailey.

Trooper Dailey stated that after defendant's arrest, Trooper DiJiacomo administered to defendant a variety of field sobriety tests but that she did not observe the tests. DiJiacomo, although notified of the hearing, was not present at the hearing to testify. However, he had informed Trooper Dailey of the test results. Over defendant's hearsay objection, Trooper Dailey was permitted to introduce into evidence.

Trooper Dailey stated that Trooper DiJiacomo told her the following: that when defendant attempted to touch his nose, alternatively with his right and left index fingers, he missed and touched his moustache; that defendant was requested to walk heel to toe 12 steps out and 9 steps back and in an effort to comply defendant walked 5 steps out, started to sway and fell against the wall; that defendant was also asked to hold one foot in the air for 30 seconds. However, in this position defendant was unable to maintain his balance for more than 5 seconds; and that in repeating the alphabet, defendant reached the letter P and stopped and he thought a few minutes, and then continued, omitting the letters U and V.

The side on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists. *Reynolds v. Reynolds,* Del.Supr, 237 A.2d 708, 711 (1967). If the evidence is in even balance then the side having the burden of proving a fact by a preponderance of the evidence has failed to prove it by such preponderance. *Guthridge v. Pen-Mod, Inc.,* Del.Super., 239 A.2d 709, 713 (1967).

There was no admissible intoximeter test. Therefore, the resolution of this issue turns on the physical manifestations of this defendant's condition.

The information which Trooper Dailey testified that Trooper DiJiacomo told her was hearsay and as to that evidence defendant was deprived of the opportunity for cross examination of the knowledgeable party.

This Court recognizes that hearsay evidence is permitted for certain purposes in administrative hearings. 36 *A.L.R.3d* 32; cf. *Ridings v. Unemployment Ins. Appeal Bd.,* Del.Super., 407 A.2d 238, 240 (1979). However, the admission of hearsay evidence does not determine the probative effect of the hearsay. Many states have held that the findings of an administrative body cannot rest alone on hearsay evidence. 36 *A.L.R.3d* 43 et seq. Delaware accepted and applied that principle in *Geegan v. Unemployment Compensation Commission,* 45 Del. 513, 76 A.2d 116 (1950). New Jersey has applied that principle. *Weston v. State,* 60 N.J. 36, 286 A.2d 43, 51 (1972); *In re Toth,* A.D., 175 N.J.Super. 254, 418 A.2d

272, 277 (1980). Pennsylvania has also applied that principle where timely objection was made to the introduction of hearsay. *Walker v. Unemployment Comp. Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366, 370 (1976); *Burks v. Com., Dept. of Public Welfare,* 48 Pa.Cmwlth. 6, 408 A.2d 912, 914 (1979). This principle is, in my judgment, the correct principle to be followed at least in the absence of a showing of compelling reason for the failure to produce the witness whose statement is relied on to prove an element which is essential to the board's decision.

In this instance such showing has not been made. Absent the hearsay, the decision is not supported by substantial evidence. In reaching this decision the Court has not considered whether the testimony by the absent officer would have been sufficient to support the decision of the Department.

Based on the foregoing, the Decision of the Department is reversed.