**Gilbert M. ATTIX,**
**Respondent–Below, Appellant,**

v.

**Robert J. VOSHELL, Director of the Division of Motor Vehicles, and The Department of Public Safety, Petitioner–Below, Appellees.**

Superior Court of Delaware,
Kent County.

Submitted: June 2, 1989.
Decided: June 13, 1989.

Charles E. Whitehurst of Schmittinger and Rodriguez, Dover, for respondent-below, appellant.

Diane J. Bartels, Deputy Atty. Gen., Dept. of Justice, Wilmington, for petitioner-below, appellees.

## OPINION

STEELE, Judge.

On the evening of January 19, 1989, a police officer arrested Gilbert M. Attix II ("appellant") for driving while intoxicated pursuant to 21 *Del.C.* § 4177. On March 15, 1989, the Division of Motor Vehicles ("Division") held a hearing to determine whether: (a) the arresting officer had probable cause to believe appellant violated section 4177; and, (b) by a preponderance of the evidence, appellant violated that section. On March 23, 1989, the Division sent notice to the appellant indicating that the administrative hearing officer ruled against him. As a result, the Division of Motor Vehicles revoked appellant's driver's license for a period of one year pursuant to 21 *Del.C.* § 2742. Appellant appealed the hearing officer's findings pursuant to 21 *Del.C.* § 2744 and Superior Court Civil Rule 72.

### I. *The Record Below*

The transcript of the hearing below clearly demonstrates that the police officer declined to offer the results of a blood/alcohol test administered by him on the theory that he did not bring the "intoxilyzer logs" required for authentication of the reading's accuracy. Assuming for the sake of argument that the failure to bring the logs, normally required in order to authenticate a reading and to obtain its admissibility, was an inadvertent circumstance, the police officer nevertheless testified on cross-examination and without objection in response to defense counsel's questions that the actual reading obtained by him was .09. A blood/alcohol reading of .09 is less than the reading provided for by 21 *Del.C.* § 2742(f)(2) as "conclusive" evidence of a violation of 21 *Del.C.* § 4177. 21 *Del.C.* § 2742(f)(2) provides that "for purposes of this subsection, a blood/alcohol concentration of .10 percent or more ... shall be *conclusive* evidence of said violation" (emphasis added). There is no provision mandating the effect of a blood/alcohol level of less than .10 percent in this section.

The hearing officer used the phrase, "results not entered" in the findings of fact. It remains unclear to me whether the phrase, "results not entered" means that the hearing officer did not consider the results to have been entered as evidence in the record and therefore did not consider them in reaching the final determination. There can be absolutely no question that if the police officer testified to the reading on cross-examination without objection, it is a part of the record and must be considered along with all of the other facts developed for the purpose of reaching conclusions from findings of fact. A defense attorney has no access to the logs and cannot bring them to a hearing with him. Defense counsel at administrative hearings before the Division of Motor Vehicles has no subpoena power and cannot force the police officers to bring critical evidence to authenticate a blood/alcohol reading of less than .10. While it is impossible to tell on the current record whether the police officer purposely did not bring the logs or simply failed to bring them as a result of carelessness or inadvertence, the testimony of the police officer as to the reading binds the hearing officer to a finding that appellant's blood/alcohol reading was .09 at the relevant time. It is quite impossible to tell what the conclusion of the hearing officer may have been in light of an actual blood/alcohol reading less than that deemed conclusive by the General Assembly when it passed 21 *Del.C.* § 2742(f)(2).

Therefore, on remand from this Court, the hearing officer is directed to clarify the findings by:

1. Fully explaining the significance of the term, "results not entered" in light of the intoxilyzer test results testified to without objection at the hearing;

2. Determining whether in light of a .09 reading the totality of the evidence of intoxication presented by the police officer supported a violation of 21 *Del.C.* § 4177 by a preponderance of the evidence;

3. Sending to this Court the modified findings of fact and conclusions required by this opinion within seven days of receipt of this opinion.

*Opinion After Remand*

The hearing officer has promptly responded to the remand on the day of receipt, June 23, 1989, and has submitted detailed, modified findings of fact and conclusions of law expressly related to the June 13, 1989 Order of the Court. The hearing officer's modified findings of fact and conclusions of law were received by Superior Court, in and for Kent County, on June 27, 1989.

At their request, counsel submitted further letter memorandums with the final memorandum submitted on July 31, 1989. This constitutes the Court's opinion based upon the modified findings of fact and conclusions of law and the memorandums of counsel.

## II. *Standard of Review*

■ This Court on appeal examines findings of fact with a view toward correcting errors of law and determining whether substantial evidence exists on the record to support both the findings of fact *and* the conclusions reached by the hearing officer. *Barnett v. Division of Motor Vehicles,* Del.Super., 514 A.2d 1145, 1146 (1986). The Department's findings must be free from inconsistencies and free from a capricious disregard for competent evidence. *Ridings v. U.I.A.B.,* Del.Super., 407 A.2d 238, 239 (1979); *Hines v. U.I.A.B.,* Del.Super., No. 83A–DE–2, Bifferato, J. (Nov. 15, 1984) (hereinafter *Hines I*). Thus, the Department must consider and reconcile all undisputed evidence in the record below. No substantial evidence can exist if these tasks are not performed by the Department. *Mena v. General Metalcraft,* Del. Super., No. 83A–SE–10, O'Hara, J. (Nov. 17, 1984). The Court is in no position and has no authority to substitute its own judgment for the findings of fact made by the hearing officer below, but to apply the standard of review, the Court must independently review the facts found to determine whether or not, as a matter of law, they support the ultimate conclusions of law made by the hearing officer based upon those facts. *Barnett,* 514 A.2d 1145.

Before applying this standard to the case *sub judice*, it is instructive to observe how this standard has been applied in other factual settings. In *Hines I*, the Unemployment Insurance Appeal Board (Board) disregarded competent evidence, resulting in a finding that the employee had quit voluntarily to be against the weight of the evidence. The Superior Court reversed and remanded. After another hearing, the case was again appealed to Superior Court. *Hines v. U.I.A.B.*, Del.Super., No. 85A–MR–15, Bifferato, J., 1986 WL 2265 (Jan. 30, 1986) (hereinafter *Hines II* ). In *Hines II*, the employer gave differing versions of what transpired in connection with the claimant's alleged refusal to accept work. At the first hearing, the employer did not rebut the claimant's version of the material event. At the second hearing, however, the employer's recollection had "improved dramatically," and the employer testified to specifically rebut claimant's version. The *Hines II* court also observed other undisputed inconsistencies in the employer's testimony between hearings. The *Hines II* court was troubled by the Board's failure to resolve the undisputed discrepancies in the employer's testimony. The *Hines* court reasoned that resolution of the undisputed discrepancies was necessary to provide the requisite substantial evidence. Since these discrepancies were not resolved, the *Hines II* court held that the Board's findings were not supported by substantial evidence. *See also Mena, supra* at 2, (no substantial evidence to support Board's findings where Board failed to resolve discrepancies in employer's testimony concerning *when* a certain statement was made) (emphasis in original). *Accord N.L.R.B. v. Cutting*, 701 F.2d 659, 664–65, 667–68 (7th Cir.1983) (Administrative Law Judge's findings not supported by substantial evidence if he fails to resolve evidentiary inconsistencies of one party in the record).

 The rationale of these cases is clear. Normally, conflicting testimony results when opposing parties offer opposing versions of a factual event. In such a situation, the administrative hearing body or officer will make a credibility determination and reject one version of the event, or in some other way reconcile the conflict. When there is a conflict in the undisputed evidence, the fact-finder has the same responsibility to specifically address the inconsistencies and explain how it resolved them. If the inconsistencies cannot be resolved, all the evidence must be weighed in determining whether one party has met its burden by a preponderance of the evidence on the ultimate conclusion of law.

### III. *Discussion*

The State, in its memorandum of July 31, 1989, correctly outlines the two paramount issues:

1) whether the police officer had probable cause to believe Attix violated 21 *Del.C.* § 4177; and,

2) whether by a preponderance of the evidence Attix violated 21 *Del.C.* § 4177.

 A careful review of the second paragraph of the modified findings of fact reveals substantial evidence in support of the hearing officer's conclusion that the police officer had probable cause to stop Attix. Specifically, the hearing officer found:

[S]trong odor alcohol on Mr. Attix breath (later testified to moderate odor from two feet inside and outside), open can beer, previous to the stop Mr. Attix had crossed the center line of the marked roadway, eyes were watery and glassy, speech mumbled and slurred. Other evidence of intoxication was the field performance test. Mr. Attix while doing the balance test swayed from side-to-side and put his foot down before the count of ten (10), heel-to-toe test—he swayed from side-to-side, turning was hesitant and he swayed (the finger-to-nose and alphabet test was completed correctly), Mr. Attix failed the PBT.

After analyzing the "totality of the circumstances," I have no difficulty concluding that probable cause existed for the police officer to believe Attix violated 21 *Del.C.* § 4177. In that regard, I affirm the conclusion of the hearing officer.

The second issue outlined above requires a determination that substantial evidence exists to support the hearing officer's conclusion that Attix violated 21 *Del.C.* § 4177 by a "preponderance of the evidence." In this case, as in all appeals, it is certainly possible, depending upon the facts found below, that the Superior Court can find admissible evidence for the purpose of establishing probable cause which does not rise to the level of sufficient evidence to establish that a defendant drove his vehicle under the influence by a preponderance of the evidence. *See Barnett,* 514 A.2d at 1147.

 On the facts of this particular case, the findings of fact used by the hearing officer to support the conclusion of law that Attix violated 21 *Del.C.* § 4177 included Attix's failure to pass the portable breath test (PBT). No court has yet established the portable breath test as reliable evidence for the purpose of a conviction of driving under the influence or for the purpose of concluding that one violated 21 *Del.C.* § 4177 by a preponderance of the evidence at a hearing mandated under 21 *Del.C.* § 2742(f). In my opinion, the portable breath test should not have been considered for the purposes of finding that Attix violated 21 *Del.C.* § 4177 by a preponderance of the evidence, as a matter of law. This is clear error and the facts found allowing the hearing officer to make the ultimate finding adverse to Attix must be reviewed without that factual finding forming any part of the basis for the ultimate conclusion of law. Frankly, it is difficult to imagine that a hearing officer would have considered the PBT under the facts of this case. Attix took an intoxilyzer test. The intoxilyzer, unlike the PBT, has been established as a matter of law to be a reliable, valid test for the purposes of determining whether one is under the influence of alcohol. That test revealed a reading of .09—under the statutory conclusive reading of .10. Logically, since that reading is acceptable so long as it is taken within four hours of the last known time Attix drove, and it conflicts with the unreliable conclusion of the PBT, no reasonable person would have considered the PBT as

any evidence whatsoever that Attix was under the influence by a preponderance of the evidence. Therefore, the remaining evidence must be examined to determine whether, as a matter of law, the facts found by the hearing officer justify a conclusion that Attix violated 21 *Del.C.* § 4177.

The remaining facts are as follows:

(a) strong odor of alcohol on Mr. Attix's breath (later testified to moderate odor from two feet inside and outside); and,

(b) open can of beer; and,

(c) previous to the stop, Mr. Attix had crossed the center line of the marked roadway; and,

(d) his eyes were watery and glassy, speech mumbled and slurred; and,

(e) while doing the balance test, swayed from side to side and put his foot down before the count of 10; and,

(f) heel-to-toe test—swayed from side to side, turning was hesitant and he swayed; and,

(g) finger-to-nose test completed correctly; and,

(h) alphabet test completed correctly.

Facts in the record but not included in the hearing officer's findings of fact:

Attix produced his license, registration, and insurance card apparently without difficulty. The arresting officer told him that he was asked to perform field tests because the officer smelled alcohol on his breath, not because of any erratic driving. He had a sip of beer just before he was stopped. He pulled over and got out of the car without difficulty. All of the questions asked during the police officer's interview were answered clearly enough for the police officer to write them down. He understood and waived his *Miranda* rights. As to the finding that he failed the standing-and-raised-foot test, he could have placed his foot down as late as nine in the count from one to ten. The officer followed him for one-half mile. During that time, he crossed the center line one time but did not run off the right hand side of the road or

speed. He made a proper left turn without difficulty.

Since all of the facts contained in the record are essentially undisputed, it is difficult to discern why some facts were found by the hearing officer that were consistent with intoxication and some inconsistent with intoxication and others simply not recorded as facts forming a part of the record. On remand, the hearing officer was instructed to include as a consideration for both of her findings the fact that Attix's intoximeter result was .09. Under the law of this state, a reading of .09 is considered to be inconclusive in that it falls short of the conclusive level of .10 but may be considered in light of the totality of the circumstances for the purposes of determining whether an individual violated 21 *Del.C.* § 4177 by a preponderance of the evidence.

In examining these facts, with a view toward determining whether they constitute a violation of 21 *Del.C.* § 4177 by a preponderance of the evidence, it is helpful to review other cases where Superior Court has examined factual findings and the conclusions reached from those findings by the Division of Motor Vehicles' hearing officer. In *Esham v. Voshell,* C.A. No. 86A–SE–1, Chandler, J., 1987 WL 8277 (March 2, 1987), the court found that an abrupt change "from the left lane to the right lane," a speed of 75 miles per hour, a failure to react and pull over in response to grill lights, and the detection of the odor of an alcoholic beverage when examined prior to an arrest for driving a motor vehicle while under the influence of alcohol did not rise in the court's opinion to the level of sufficient evidence even for probable cause to arrest.

In *Barnett v. Division of Motor Vehicles,* 514 A.2d 1145 (1986), the court concluded that while facts existed sufficient to establish probable cause to believe that the defendant was driving under the influence, the fact that a very strong odor of alcohol was detected and that the defendant had a problem standing and had to lean against the police car to maintain his balance did not constitute sufficient evidence to estab-

lish by a preponderance of the evidence that the defendant drove under the influence of alcohol. *Id.* at 1147.

These cases point out the necessity of analyzing the facts carefully on a case-by-case basis to determine whether the findings of fact below are sufficient as a matter of law to justify the conclusions required for a 21 *Del.C.* § 4142(b) hearing. After subjecting these facts to the scrutiny required by the standard of review, I conclude there is an insufficient link between all of the facts and the conclusions below that Attix drove his vehicle while under the influence by a preponderance of the evidence. At best, the facts are evenly balanced and the State failed to carry its burden to establish substantial evidence in support of a conclusion that Attix drove his vehicle under the influence of alcohol.

Therefore, consistent with this finding and conclusion, the decision of the Division of Motor Vehicles is reversed and remanded for action consistent with this opinion.

### *Upon Motion for Reargument*

Appellees have filed a motion for reargument from this Court's decision of August 14, 1989, requesting that the Court affirm the decision of the Department of Public Safety (Department). The Court took the request under advisement after receiving written legal argument from appellees and appellant. After reconsideration of the issues, the Court denies the motion for reargument for the following reasons:

All issues raised in the motion for reargument were issues which were previously considered by this Court in reaching its decision. Appellees cited no new legal doctrine in their motion.

■ Appellees' motion refers to an affidavit to be filed by the hearing officer below. Appellant submits that this affidavit be stricken from the record. Appeals to this Court are on the record below. *Barnett v. Division of Motor Vehicles,* Del.Super., 514 A.2d 1145 (1986). The affidavit did not exist until the date of appeal and is therefore not part of the record. Appellees made no formal application to reopen the

record. Appellees ask this Court to consider the representation of the hearing officer about her internal mental process which resulted in findings at least five months after the original mental process took place. Appellant has no meaningful opportunity to cross-examine the affiant on this issue and it would be entirely inappropriate to do so. Appellees' request obviates the original legislative intent to require these appeals to be "on the record". In summary, this Court has not reviewed the affidavit referred to by the parties and will not consider it in passing on appellees' motion.

None of the facts in the record below are in dispute or the credibility of witnesses in issue. Attix produced his license, registration, and insurance card apparently without difficulty. The arresting officer told him that he was asked to perform field tests because the officer smelled alcohol on his breath, not because of any erratic driving. Attix had a sip of beer just before he stopped. He pulled over and got out of the car without difficulty. All of the questions asked during the police officer's interview were answered clearly enough for the police officer to write them down. Attix understood and waived his *Miranda* rights. As to the finding that he failed the standing-and-raised-foot test, he could have placed his foot down as late as nine in the count from one to ten. The officer followed him for one-half mile. During that time, he crossed the center line one time but did not run off the right hand side of the road or speed. He made a proper left turn without difficulty. By the officer's uncontradicted testimony, the appellant passed two of four field tests and produced a .09 reading after a properly conducted intoxilyzer test. Appellees also agree that the results of the portable breath test cannot be considered in determining whether the record supports driving under the influence by a preponderance of the evidence. Nothing in the hearing officer's findings and conclusions demonstrates that all of the evidence was considered and weighed accordingly with the State's burden in mind. Public perception of a "level playing field" at administrative hearings remains essential to respect for the law. The Superior Court cannot waive its legislative mandate to carefully review these cases on the record by simply blindly ignoring the record not cited by a hearing officer.

Neither party disputes the above facts so they must be considered by this Court in determining whether the Department could have found that a violation of 21 *Del.C.* § 4177 occurred by a preponderance of the evidence. Whether the evidence supports a conclusion of driving under the influence must be reviewed on a case-by-case basis.

After a careful review of appellees' arguments in support of their motion for reargument, I reaffirm my holding that the Department's legal conclusion that Attix drove his vehicle under the influence by a preponderance of the evidence is not supported by substantial evidence.

Therefore, appellees' motion for reargument is denied.