IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

OGBONYA MARS,  :
                              :     C.A. No. K19A-04-003 WLW
            Appellant,        :
                              :
    v.                        :
                              :
UNEMPLOYMENT INSURANCE        :
APPEAL BOARD and              :
DOVER DOWNS,                  :
                              :
            Appellees.        :


Submitted: July 2, 2019
Decided: October 8, 2019

## ORDER

Upon an Appeal of the Decision of
the Unemployment Insurance Appeal Board
*Affirmed*


Ms. Ogbonya Mars, *pro se* Appellant.

Daniel C. Mulveny, Esquire of the Department of Justice, Civil Division, Wilmington, Delaware; attorney for the Delaware Unemployment Insurance Appeal Board.


WITHAM, R.J.

This is an appeal filed by the Employee-Appellant, Ogbonya Mars, from a decision of the Unemployment Insurance Appeal Board (hereinafter, the "Board"), affirming the Appeal Referee's determination that Ms. Mars was discharged from her employment with "just cause." For the reasons set forth below, the decision of the Board is **AFFIRMED**.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Ms. Mars was employed by Dover Downs (hereinafter the "Employer") as a supervisor of retail operations from March 7, 2018 until November 1, 2018.[1] One of Ms. Mars' duties was to sign off on the closing checklists for each of the Employer's stores at the end of her shift.[2] Ms. Mars was coached on several occasions because she was not performing her duties satisfactorily.[3] Employer also had a policy in place that prohibited carelessness or negligence, and Ms. Mars was aware of the policy.[4] On October 12, 2018, Ms. Mars was given a final warning.[5] Employer warned her that further violations may result in termination.[6] On October 31, 2018, Employer terminated Ms. Mars for failing to sign off on the store

---

[1] *Ogbonya Mars v. UIAB*, No. 41110574, at 1 (Del. U.I.A.B. Feb. 27, 2019).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.* (The parties do not dispute this fact).

[6] *Id.*

checklists.[7] A hearing was held on January 14, 2019, and the Appeals Referee (hereinafter the "Referee") determined that Ms. Mars was properly terminated for cause.[8] The Unemployment Insurance Appeal Board affirmed the decision.[9]

**PARTIES' CONTENTIONS**

2. Ms. Mars contends that another manager was supposed to sign the closing AM checklists on October 21, 2018.[10] Ms. Mars also admits that she was supposed to sign the PM checklists, and argues that there may have been some mistake or confusion which led to them not being signed.[11] She further argues that she did not see evidence considered in determining her final notice.[12] Ms. Mars also restates her argument that five stores all close around the same time, which makes her job impossible to perform properly, and contends that her supervisor lied about the closing times.[13]

3. The Board determined that the Employer had shown sufficient evidence that there was just cause to terminate Ms. Mars. The evidence showed that Ms. Mars

---

[7] *Id.*

[8] *Id.*

[9] *See Ogbonya Mars v. UIAB*, No. 41110574, at 1 (Del. U.I.A.B. Feb. 27, 2019).

[10] *See* Plaintiff's Opening Brief (Hereinafter "the Brief") at ¶ 11.

[11] *Id.* ¶ 12 (Ms. Mars explains that sometimes two separate checklists are prepared instead of one).

[12] *Id.* at ¶ 5.

[13] *Id.* at ¶ 7.

3

received a final warning, and that she was informed that further misconduct may result in termination.[14] The Board also agreed with the Referee who found that Ms. Mars did not sign off on the closing checklists, which resulted in the termination of her employment.[15] The Board found the Employer's version of events more credible – i.e. that the closing of the stores was staggered to allow for the closing process to be properly completed, and that Ms. Mars had to sign the checklists and failed to do so.[16]

## STANDARD OF REVIEW

4. The Superior Court is limited in its review to "a determination of whether the Board's decision is supported by substantial evidence and free from legal error." Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[17] In reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below.[18] However, the "[C]ourt is not authorized to make its own factual findings,

---

[14] *Ogbonya Mars v. UIAB*, No. 41110574, at 1 (Del. U.I.A.B. Feb. 27, 2019).

[15] *Id.*

[16] *Id.* at ¶ 18.

[17] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620 (1966).

[18] *Gen. Motors Corp. v. Guy*, No. 90A-JL-5, 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991).

4

assess credibility of witnesses or weigh the evidence."[19] Instead, the Court merely decides "if the evidence is legally adequate to support the agency's findings."[20]

## DISCUSSION

5. The Court must clarify that its role, as the reviewing Court, is simply to ascertain if the Board's conclusions are supported by substantial evidence and free from legal error.[21] If this standard is satisfied, the Board's resolution of evidentiary and credibility conflicts is conclusive.[22] In a discharge case, an employer has the burden of proving, by a preponderance of the evidence, that the claimant was terminated for "just cause."[23] Where the party bearing the burden of proof fails to convince the Board below, the resulting findings of fact can be overturned by the Court "only for errors of law, inconsistencies, or capricious disregard for competent evidence."[24]

---

[19] *Sokoloff v. Bd. of Med. Practice*, No. N09A–11–005 DCS, 2010 WL 5550692, at *5 (Del. Super. Aug. 25, 2010).

[20] *Bradfield v. Unemp't Ins. Appeal Bd.*, No. S11A–05–004, 2012 WL 5462844, at *1 (Del. Super. Mar. 13, 2012) (quoting *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Jan. 31, 1997)).

[21] *See Air Mod Corp. v. Newton*, 215 A.2d 434, 438 (Del. 1965).

[22] *Ridings v. Unemp't Ins. Appeal Bd.*, 407 A.2d 238, 239 (Del. Super. 1979) (citing *Abex Corp. v. Todd*, 235 A.2d 271 (Del. Super. 1967).

[23] *Wilson v. Unemp't Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Jul. 27, 2011) (citing *Country Life Homes, Inc. v. Unemp't Ins. Appeal Bd.*, 2007 WL 1519520, at *3 (Del. Super. May 8, 2007); *MRPC Fin. Mgmt. LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. Jun. 20, 2003)).

[24] *Id.* (citing *Ridings*, 407 A.2d at 239).

6. After a comprehensive review of the record in this case, the Court finds that Ms. Mars has failed to overcome the tremendous burden for overturning the Board's credibility determination, particularly because the evidence identified by the Appellant is not as clearly damning as she urges. The Appellant's apparent admission, for instance, indicates that she did, in fact, receive a final warning. The facts suggest that Ms. Mars knew that any further misconduct could result in termination. Ms. Mars also admits that she was the night shift manager on October 20 and 21, 2018, and that the PM checklists for these days were not signed.[25] The Board determined that the Employer's testimony was credible and that Ms. Mars failed to perform her tasks. Therefore, the Employer in this case demonstrated just cause for terminating Ms. Mars' employment.

## CONCLUSION

7. For all of the foregoing reasons, the decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[25] Ms. Mars suggests that she may have signed a different checklist, but no evidence exists to support this proposition.