IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RANDY SPENCE and :
MARCIA SPENCE, : C.A. No. K19A-03-001 WLW
:
Appellants, :
:
v. :
:
KENT COUNTY BOARD OF :
ASSESSMENT, :
:
Appellee. :


Submitted: August 1, 2019
Decided: November 27, 2019

## ORDER

Upon an Appeal from the Decision of the
Kent County Board of Assessment


Randy Spence and Marcia Spence, *pro se* Appellants.

Craig T. Eliassen, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware;
attorney for the Appellee.



WITHAM, R.J.

## INTRODUCTION

This is an appeal filed by Randy and Marcia Spence, farm owners, from a decision of the Kent County Board of Assessment (hereinafter, the "Board") determining that their property was only partially subject to the tax exemption, and that the poultry buildings situated on the property were not tax exempt. For the reasons set forth below, the decision of the Board is **AFFIRMED**.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Appellants' farm is located at 863 Central Church Road, Dover, Delaware.[1] The farm was assessed by the Kent County Assessment Office in 2018.[2] Appellants challenged the assessment in front of the Board, which held a hearing regarding the matter on March 19, 2019.[3] The Board heard an argument by Mr. Spence, who claimed that the poultry houses situated on their farm should be exempt under Delaware law, and also a presentation by Susan Durham, Director of the Kent County Department of Finance.[4] At the conclusion of the hearing, the Board voted unanimously to deny the challenge and leave Mr. and Mrs. Spence with a partial

---

[1] Appellees' Answering Brief (hereinafter "Answer. Brief") at ¶ 4.

[2] *Id.* at ¶ 5.

[3] *Id.* at ¶ 1.

[4] *Id.*

exemption.[5] The Spences appealed the decision to this Court.[6]

## PARTIES' CONTENTIONS

2. Appellants argue that their poultry houses fall under the tax exemption of 9 Del. C. § 8101(f) because they represent nutrient management facilities.[7] The Board submits that the poultry houses are not covered by the statute because the statute does not explicitly exempt them, and the statute should be read narrowly.[8]

## STANDARD OF REVIEW

3. This Court is limited in its' review to "a determination of whether the Board's decision is supported by substantial evidence and free from legal error." Substantial evidence is that "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[9] In reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below.[10] However, the "[C]ourt is not authorized to make its own factual

---

[5] *Id.* Some buildings on the Appellants farm are exempt – two compost structures, two manure sheds, and fifteen heavy use area pads.

[6] *Id.* at ¶ 2.

[7] *See* Appellants' Opening Brief.

[8] *See* Answering Brief.

[9] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620 (1966).

[10] *Gen. Motors Corp. v. Guy*, No. 90A-JL-5, 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991).

findings, assess credibility of witnesses or weigh the evidence."[11] Instead, the Court merely decides "if the evidence is legally adequate to support the agency's findings."[12]

## DISCUSSION

4. The Court must stress that its' role, as the reviewing Court, is simply to ascertain if the Board's conclusions are supported by substantial evidence and free from legal error.[13] If this standard is satisfied, the Board's resolution of evidentiary and credibility conflicts is conclusive.[14] Furthermore, the Court cannot consider new evidence that has not been presented to the Board.[15] Specifically, in this case, Appellants submitted a letter from the Administrator of the Delaware Nutrient Management Program, which cannot be considered by this Court because it appears

---

[11] *Sokoloff v. Bd. of Med. Practice*, No. N09A–11–005 DCS, 2010 WL 5550692, at *5 (Del. Super. Aug. 25, 2010).

[12] *Bradfield v. Unemp't Ins. Appeal Bd.*, No. S11A–05–004, 2012 WL 5462844, at *1 (Del. Super. Mar. 13, 2012) (quoting *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Jan. 31, 1997)).

[13] *See Air Mod Corp. v. Newton*, 215 A.2d 434, 438 (Del. 1965).

[14] *Ridings v. Unemp't Ins. Appeal Bd.*, 407 A.2d 238, 239 (Del. Super. 1979) (citing *Abex Corp. v. Todd*, 235 A.2d 271 (Del. Super. 1967).

[15] *Tedesco v. Bayhealth Medical Center*, No: K14A–09–002 RBY, 2015 WL 1199356 at *4 (Del. Super. March 13, 2015) (citing *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).

that the letter was obtained after the Board had its hearing.[16] Furthermore, the Court agrees with the Board's interpretation of the law involved in this case.

5. "The taxation and assessment of lands, buildings and improvements shall exclude the value…upon which are situated, or which were in active use as, compost bins, manure sheds or other nutrient storage, disposal or management structures or facilities pursuant to the nutrient management plan."[17] Thus, the question in this case is whether poultry houses fall within the category of the structures described in the statute. If a statute is unambiguous, the words in it are interpreted using their plain meaning.[18] If it is ambiguous, then it is considered as a whole, rather than in parts, and each section should be read in light of all others.[19]

6. In this case, some ambiguity exists as to what exactly is included in "other nutrient storage, disposal or management structures or facilities pursuant to the nutrient management plan."[20] Therefore, the statute should be considered as a whole to determine the legislative intent. 9 Del. C. § 8101 begins with the assertion that "all real property in the State shall be liable to taxation…except as otherwise provided in

---

[16] *See* Appellants' Opening Brief. The Board's hearing was held on March 19, 2019, and the letter submitted to this Court is dated April 26, 2019.

[17] 9 Del. C. § 8101 (f).

[18] *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 538 (Del. 2011).

[19] *Id.*

[20] The Legislature could clarify the statute by explicitly stating which types of buildings are tax exempt. It would seem clear that a poultry house's primary purpose is to house and raise poultry.

this chapter."[21] The use of this term in 9 *Del. C.* § 8101 would appear to have a technical meaning peculiar to nutrient or waste generated in an agricultural endeavor and will be interpreted according to the common and approved usage.[22] This language suggests that there must be a specific exception mentioned in the statute for a particular type of real property to be exempt from taxation. 9 Del. C. § 8101(f) provides examples of such specific types of real property exempt under the statute – compost bins and manure sheds.[23] These types of structures are used for the primary purpose of collecting and distributing waste. This section also refers to facilities pursuant to a nutrient management plan.[24]

7. 3 Del. C. § 2202 defines a nutrient management plan as "a plan by a certified nutrient consultant to manage the amount, placement, timing and application of nutrients in order to reduce nutrient loss or runoff and to maintain the productivity of soil when growing agricultural commodities and turfgrass."[25] It does not appear that poultry houses represent facilities situated on the land for the purpose of facilitating the activities described in the statute. 3 Del. C. § 2201 also declares the purpose of the nutrient management plan, which is "to regulate those activities

---

[21] 9 Del. C. § 8101.

[22] *See* 1 Del. C. § 303.

[23] 9 Del. C. § 8101 (f).

[24] *Id.*

[25] 3 Del. C. § 2202.

involving the generation and application of nutrients."[26] Even though it is true that poultry houses produce nutrients (waste), the purpose of these structures is to raise and house poultry not to generate nutrients, and the structures are not involved in the application of nutrients. Therefore, reading 9 Del. C. § 8101 in its entirety and analyzing it together with 3 Del. C. § 2201 and 3 Del. C. § 2202 leads to the conclusion that the Board did not make a legal error in interpreting the law involved in this case.

## CONCLUSION

For all of the foregoing reasons, the decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[26] 3 Del. C. § 2201.