IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **SHARON L. BRUMMELL**, | : | |
| | : C.A. No. S22A-06-001 CAK | |
| Appellant, | : | |
| | : | |
| v. | : | : |
| | : | |
| **BEEBE HEALTHCARE** | : | |
| | : | |
| and | : | |
| | : | |
| **UNEMPLOYMENT INSURANCE** | : | |
| **APPEAL BOARD,** | : | |
| | : | |
| Appellees. | : | |

Submitted: July 15, 2022
Decided: August 19, 2022

*On Appeal from the Unemployment Insurance Appeal Board*

**AFFIRMED**

**MEMORANDUM OPINION AND ORDER**

Sharon L. Brummell, *pro se*, 9097 Cannon Road, Bridgeville, DE 19933, Appellant.

Victoria W. Counihan Esquire, Deputy Attorney General, Carvel State Office Building, 820 North French Street, Wilmington, DE, 19801, Attorney for Delaware Division of Unemployment Insurance.

Daniel C. Mulveny, Esquire and Victoria E. Groff, Esquire, Deputy Attorneys General, Carvel State Office Building, 820 North French Street, Wilmington, DE, 19801, Attorneys for Appellee Unemployment Insurance Appeal Board.

**KARSNITZ, R.J.**

## I.    INTRODUCTION

This case unfortunately involves the intersection of the Delaware unemployment insurance law and the hardships resulting from the ongoing COVID pandemic, at which intersection Sharon L. Brummell ("Claimant") stands. I have a great deal of sympathy for Claimant, whom the Unemployment Insurance Appeal Board (the "Board") ruled was ineligible for unemployment benefits because she was not able and available to work without restrictions due to the COVID 19 pandemic and her underlying medical condition. However, the Board's decision in this appeal is supported by the record and free from legal error. Therefore, for the reasons stated below, I affirm the Board's decision.  Also, Claimant may still have some ability to offset the unemployment insurance overpayments made to her, as discussed below.

## II.   FACTS

Claimant filed her claim on May 30, 2020. She testified at the hearing of the Appeals Referee (the "Referee") that her doctor wanted her to be out of work due to pulmonary sarcoidosis, a life-long underlying condition that made her high risk for contracting COVID-19.[1] Claimant submitted as evidence at that hearing three forms from her doctors that indicated that she was high risk for COVID-19 due to this

---

[1] R-28. Citations to the record will be noted as "R-#."

underlying medical condition.[2] One document indicated she was not advised by her doctor to quit for reasons due to health, but indicated she should avoid working in close proximity with unvaccinated individuals.[3] Another document indicated she was unable to perform job functions due to the condition and was instructed to stay away from the general public or any crowds greater than ten people.[4] She also testified at the Referee hearing that she had not gotten a release to return to work.[5]

The Delaware Division of Unemployment Insurance (the "Division") erroneously failed to identify Claimant's ineligibility until after she was paid benefits for a substantial number of weeks. The Division is now seeking repayment of those amounts.

### III. STANDARDS OF REVIEW

On appellate review, "the findings of [the Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."[6] Therefore, my role on appeal is to determine whether the Board's findings are "supported by substantial evidence and

---

[2] R-46-51.
[3] R-46.
[4] R-49.
[5] R-28, 31.
[6] 19 *Del. C.* § 3323 (2012); *Coleman v. Dep't of Labor,* 288 A.2d 285, 287 (Del.Super.1972) ("[T]he credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board to determine.").

free from legal error."[7]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8]  Moreover, I may only consider the record before me.[9]  In reviewing the record for substantial evidence, I consider the record in "the light most favorable to the party prevailing below."[10]

I will not disturb the Board's determination absent an abuse of discretion by the Board.[11]  The Court will find an abuse of discretion only if "the Board 'acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.' "[12]

Claimant bears the burden of establishing entitlement to receive unemployment compensation.[13] To be eligible for benefits, the Division must find that a claimant "[i]s able to work and is available for work."[14] Being cleared to work with restrictions an employer cannot accommodate does not satisfy the requirements

[7] *Ridings v. Unemployment Ins. Appeal Bd.,* 407 A.2d 238, 239 (Del.Super.1979); *Crews v. Sears Roebuck & Co.,* 2011 WL 2083880, at *2 (Del. Super. May 11, 2011).
[8] *Oceanport Indus. v. Wilmington Stevedores,* 636 A.2d 892, 899 (Del.1994).
[9] *Hubbard v. Unemployment Ins. Appeal Bd.,* 352 A.2d 761, 763 (Del.1976).
[10] *Steppi v. Conti Elec.,* 2010 WL 718012, at *3, 991 A.2d 19 (Table) (Del. Mar. 16, 2010); *Gen. Motors Corp. v. Guy,* 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991).
[11] *Crews,* 2011 WL 2083880, at *2; *see also Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del.1991) ("The scope of review for any court considering an action of the Board is whether the Board abused its discretion.").
[12] *Straley v. Advanced Staffing, Inc.,* 2009 WL 1228572, at *2 (Del.Super.2009) (citations omitted).
[13] *Stone v. Unemployment Ins. Appeal Bd*., 2015 WL 4739520, at *1 (Del. Super. Aug. 5, 2015).
[14] 19 *Del. C.* § 3315(3).

to be able and available for work.[15] Unemployment insurance is not health insurance, and its benefits are not available to those unable to or unavailable for work due to medical reasons.[16]

## IV. ANALYSIS

Claimant argues she should be entitled to unemployment benefits because the U.S. Centers for Disease Control and Prevention ("CDC") indicated that immunocompromised people were at high risk for COVID and should stay at home, and she was unable to work from home due to her having no internet and her employer not following through with allowing her to work from home.[17] Unfortunately, I am informed by the Division that the U.S. Department of Labor ("USDOL") has issued guidance that no State, including Delaware, is authorized to waive the "able and available to work" requirements, even in light of the COVID pandemic, and any State's failure to apply those conditions of eligibility puts the state out of substantial compliance with federal unemployment compensation law, which jeopardizes federal funding of the State's unemployment insurance program.[18] However, the federal government addressed this concern by providing a

---

[15] *Garrett v. Unemployment Ins. Appeal Bd.*, 2017 WL 2705382, at *2 (Del. Super. June 22, 2017).
[16] *Michelle A. Sinclair, Inc. v. Riley*, 2004 WL 1731140, at *2 (Del. Super. July 30, 2004).
[17] Op. Br. p.1.
[18] USDOL Unemployment Insurance Program Letter 23-20, p. 6. At the beginning of the COVID pandemic, the Division attempted to waive the "able and available" requirements by emergency rules issued by the Delaware Secretary of Labor. In response to this and other States' similar actions, USDOL issued this guidance to all States. USDOL is requiring the Division to remove the

separate pandemic-related benefit for claimants who are unable or unavailable to work for a list of specific pandemic-related reasons. This new benefit, called Pandemic Unemployment Assistance ("PUA") is available only if a claimant has been denied traditional unemployment benefits.[19] As the Board informed Claimant in its decision,[20] even though I am affirming the Board's decision, Claimant will still be entitled to apply for PUA benefits retroactively for each week she was unemployed, up through the cessation of PUA benefits on September 6, 2021. If she qualifies for PUA benefits, which have their own eligibility requirements, those payments could be used to offset the traditional unemployment insurance and PEUC overpayments that result from my affirming the Board's decision. Claimant indicates

---

waiver retroactively to the start of the pandemic and to re-adjudicate all claims during the period the waiver was in effect. The Division has not yet implemented the re-adjudication requirement, but it has taken the initial step of rescinding the emergency rules waiving the able and available requirements. Although that waiver was originally in effect for several of the early weeks of Claimant's claim, and was not fully rescinded retroactively to the start of the pandemic until after this appeal was filed, (1) the waiver was not mentioned or relied upon by any party in the administrative proceedings in this appeal, and (2) if I were to rely on the prior waiver to decide this appeal, the Division would then be required by USDOL to re-adjudicate the early weeks of this claim with all other claims during the period the waiver was in effect, resulting in the same conclusion on ineligibility that is before the Court today, while causing further delay and appeals. In the interests of justice and judicial efficiency, I agree with the Division that this appeal should go forward on the legal issue decided by the Board of whether Claimant was able and available for work under established Delaware law, without considering the now-rescinded waiver of those eligibility requirements for certain weeks of this claim.

[19] Claimant was first paid traditional unemployment benefits and then paid a federal extension of the weeks of traditional unemployment benefits called Pandemic Emergency Unemployment Compensation ("PEUC"). Because PEUC benefits are an extension of the number of weeks of traditional unemployment benefits, the same eligibility requirements apply to PEUC. A claimant may only be entitled to PUA benefits if they are found ineligible for traditional unemployment insurance and the PEUC extension of traditional unemployment insurance.

[20] Board Decision, fn 8 and Decision Attachment. R-8, 10.

that she was told she cannot file for PUA benefits because she already received all the PUA benefits for which she was eligible and PUA has expired.[21] However, as stated above, even though I affirm the Board's decision, Claimant will then become entitled to file an application for PUA benefits retroactively for those same weeks (which are weeks prior to the expiration of PUA benefits). If she is found eligible for PUA benefits, they could be used to reduce or eliminate any overpayment or repayment of the traditional unemployment benefits she received.

Claimant raises the concern that the Referee found that she did not submit a required medical form from her doctor on time. However, the conclusion of both the Referee and Board rested not on this procedural defect, but on the evidence supporting the fact that she was not able or available for work.[22] In fact, the doctor's note, once submitted, was further proof she was not able or available for work. Claimant was also concerned that the Referee indicated there was no evidence she searched for work, which Claimant contests.[23] However, to be eligible for traditional unemployment, a claimant must be able to work, available for work, *and* actively seeking work.[24] Regardless of whether Claimant properly searched for work, her testimony and documentary evidence prove she was not able or available for work.

---

[21] R-4, Op. Br. p.17.
[22] R-7-9.
[23] Op. Br. p.8.
[24] 19 *Del. C.* § 3315(3).

Moreover, the Board decision relied on her not being able and available to work, and not whether she was searching for work.[25]

Claimant argues that she received two decisions from the Division dated February 3, 2022: one finding she was not disqualified from receiving benefits because she was discharged without just cause, and the other finding she was ineligible for benefits because she was not able and available for work.[26] In order to receive traditional unemployment benefits, Claimant must be both eligible[27] *and* not disqualified.[28] Because she was found ineligible, she was not entitled to benefits even if she was not disqualified.

Finally, Claimant indicates that she complied with the applicable guidelines in filing for these benefits.[29] I find that the Division erred in not identifying this ineligibility until after Claimant was paid benefits for a substantial number of weeks. Nonetheless, the Division has the legal obligation to determine or redetermine eligibility at any time it is discovered and to seek repayment of benefits paid to a claimant who was ineligible, even if paid by the Division by mistake.[30] The requirement that all claimants be able and available for work is a mandatory

---

[25] R-7-9.
[26] Op. Br., p.8.
[27] 19 *Del. C.* § 3314.
[28] 19 *Del. C.* § 3315.
[29] R-4.
[30] 19 *Del. C.* § 3325(a).

requirement necessary for all states to participate in the federal funding of the unemployment system.

## V. CONCLUSION

Claimant's testimony and exhibits before the Referee and the Board furnished a substantial basis for the Board's decision that Claimant was ineligible for the receipt of unemployment benefits because she was not able and available for work due to her underlying medical conditions and the COVID pandemic. The Board's decision is supported by the record and is free from legal error.[31] For the reasons discussed above, the decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc:    Prothonotary
       Sharon L. Brummell
       Unemployment Insurance Appeal Board
       Beebe Healthcare

---

[31] *Smith v. Hertrich's*, 2012 WL 1408023, at *2 (Del. Super. Mar. 9, 2012).