IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **WALTER DAVIS JR.**, | : | |
| | : | C.A. No.  S23A-04-002 CAK |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| **WALMART** | : | |
| | : | |
| and | : | |
| | : | |
| **UNEMPLOYMENT INSURANCE** | : | |
| **APPEAL BOARD,** | : | |
| | : | |
| Appellees. | : | |

Submitted: July 25, 2023
Decided: August 4, 2023

*On Appeal from the Unemployment Insurance Appeal Board*

**AFFIRMED**

**MEMORANDUM OPINION AND ORDER**

Walter Davis, Jr., *pro se*, 11 Garden Circle, Georgetown, DE 19947, Appellant.

Matthew B. Frawley, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 North French Street, Wilmington, DE, 19801, Attorney for Appellee Unemployment Insurance Appeal Board.

**KARSNITZ, R.J.**

## I.  INTRODUCTION

Walter Davis, Jr., *pro se* ("Appellant"), has requested that I review the decision of the Delaware Unemployment Insurance Appeal Board (the "Board") denying his request for the Board to hear his appeal.[1] For the reasons discussed below, I decline to review the decision of the Board, and I affirm that decision.

## II.   FACTS

Appellant appealed the determination of the Claims Deputy (the "Claims Deputy Determination") to the Referee, who concluded he had failed to file a timely appeal from the Claims Deputy Determination.[2] Appellant then appealed the Referee's decision to the Board. After reviewing the record below, the Board found that he failed to submit his appeal within the 10-day deadline.[3] This statutory time limit is jurisdictional.  Essentially, Appellant argues that the notices of the various appealed decisions (the Claims Deputy Determination and the Referee's decision) were not timely delivered to his correct address.

---

[1] 19 *Del. C*. § 3323(a).

[2] Appellant had until November 14, 2022 to appeal the Claims Deputy Determination. He submitted his written appeal on November 29, 2022.

[3] 19 *Del. C*. § 3318(c) states, in pertinent part, "[t]he parties shall be duly notified of the [Referee's] decision…which shall be deemed to be final *unless within 10 days after the date of notification or mailing of such decision [a] further appeal is initiated*." (emphasis added)

## III.  STANDARD OF REVIEW

On appellate review, "the findings of [the Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."[4] Therefore, my role on appeal is to determine whether the Board's findings are "supported by substantial evidence and free from legal error."[5] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] Moreover, I may only consider the record before me.[7] In reviewing the record for substantial evidence, I consider the record in "the light most favorable to the party prevailing below."[8]

I will not disturb the Board's determination absent an abuse of discretion by the Board.[9] The Court will find an abuse of discretion only if "the Board 'acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the

---

[4] 19 *Del. C.* § 3323; *Coleman v. Dep't of Labor,* 288 A.2d 285, 287 (Del.Super.1972) ("[T]he credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board to determine.").

[5] *Ridings v. Unemployment Ins. Appeal Bd.,* 407 A.2d 238, 239 (Del.Super.1979); *Crews v. Sears Roebuck & Co.,* 2011 WL 2083880, at *2 (Del. Super. May 11, 2011).

[6] *Oceanport Indus. v. Wilmington Stevedores,* 636 A.2d 892, 899 (Del.1994).

[7] *Hubbard v. Unemployment Ins. Appeal Bd.,* 352 A.2d 761, 763 (Del.1976).

[8] *Steppi v. Conti Elec.,* 2010 WL 718012, at *3, 991 A.2d 19 (Table) (Del. Mar. 16, 2010); *Gen. Motors Corp. v. Guy,* 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991).

[9] *Crews,* 2011 WL 2083880, at *2; *see also Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del.1991) ("The scope of review for any court considering an action of the Board is whether the Board abused its discretion.").

circumstances and has ignored recognized rules of law or practice so as to produce injustice.' "[10]

## IV. ANALYSIS

Appellant is challenging the Board's discretionary decision to deny his request for the Board to review his case. The Board has the discretion to decide whether to hear a particular case on appeal.[11] Additionally, "the Board has broad discretion when deciding whether to review the record regarding the failure to file a timely appeal."[12] Accordingly, "the Court must not disturb a discretionary decision of the Board unless the Court finds that it was based on clearly unreasonable or capricious grounds."[13]

I do not think the Board abused its discretion. A Referee's decision becomes final unless a party files an appeal request with the Board within 10 days from the date that the Referee's decision is mailed to the claimant's address of record with the Department of Labor (the "Department").[14] Appellant failed to submit his appeal to the Board by this deadline. The Board denied Appellant's appeal because it did not find any evidence that he filed his appeal request with the Board by the statutory

---

[10] *Straley v. Advanced Staffing, Inc.,* 2009 WL 1228572, at *2 (Del.Super.2009) (citations omitted).
[11] *Pumphrey v. Allen Harim Foods*, 2019 WL 4034292, at *2 (Del. Super. Aug. 26, 2019) (citations omitted).
[12] *Id.*
[13] *Id.*
[14] *Id.* (citing 19 *Del. C.* § 3318(c)).

deadline. Nor did the Board find any error in the underlying Referee's decision. After thoroughly reviewing the record, the Board did not find any other reason warranting the extraordinary action of exercising its discretion to grant Appellant's untimely appeal.[15]

After reviewing the record and Appellant's appeal, the Board did not find that Appellant had shown sufficient facts and circumstances to warrant taking up his appeal. Appellant failed to timely appeal the initial Claims Deputy Determination and alleged that he had mail delivery problems but failed to provide any documentation of such problems, nor did he inform the United State Postal Service of his problems. He subsequently failed to file a timely appeal with the Board. There is no evidence in record of Departmental error that may have prevented Appellant from filing a timely appeal of the Referee's decision.[16] Finding no evidence of a timely appeal request nor any error in the underlying Referee's decision, the Board declined to exercise its discretion to accept the appeal.[17]

---

[15] In severe circumstances, the Board may itself exercise its discretion under 19 *Del. C.* § 3320 to accept a request for appeal. Such cases are rare, and the Board is extremely cautious in exerting its discretion in such cases. In those rare cases, typically there is a showing of some administrative error on the part of the Department preventing a timely appeal. The Board may find that, under the totality of the circumstances, the interests of justice warrant action by the Board. In my view, this is not one of those cases.

[16] See *Berry v. Mayor and Council of Middletown & Unemployment Insurance Appeal Board*, 2021 WL 839081 (Del. Super. Mar. 4, 2021) (holding that 19 Del. C. § 3318(c) "is jurisdictional in nature and failure to comply with this statutory requirement will prohibit the Board from accepting an appeal.")

[17] See *Funk v. Unemployment Insurance Appeal Board*, 591 A.2d 222, 225 (Del. 1991) (holding that, although the Board has the authority to act *sua sponte* beyond the 10-day appeal period to

## V. CONCLUSION

In my view, the Board's decision is supported by the record and is free from legal error.[18] For the reasons discussed above, the Board's decision affirming the Appeals Referee and denying further review is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc:    Prothonotary
       Walter Davis Jr.
       Unemployment Insurance Appeal Board
       Walmart

---

consider a case where no valid appeal has been filed by the parties, (1) the decision of Board not to exercise such authority was not abuse of discretion, and (2) strict application of the statutory time limits did not violate claimant's due process rights.

[18] *Smith v. Hertrich's*, 2012 WL 1408023, at *2 (Del. Super. Mar. 9, 2012).